# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| BARBARA T. BROWN | CIVIL ACTION NO. 05-1336 |
| VS. | JUDGE DOHERTY |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE METHVIN |

### *RULING ON MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)*
### *(Rec. Doc. 28)*

Before the court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Barbara T. Brown ("Brown"). The Commissioner maintains that the motion is untimely.

Brown filed an application for benefits with the Social Security Administration on November 5, 2001. The application was denied on grounds that Brown could perform her past work and was therefore not disabled.[1] On July 25, 2005, Brown filed a complaint for judicial review with this Court.[2] On September 4, 2007, the undersigned issued a report recommending that Commissioner's decision be reversed.[3] Judge Doherty issued a Judgment reversing the Commissioner's decision on September 25, 2007.[4] On October 16, 2007, Brown filed an application for fees under the Equal Access to Justice Act. Brown's attorney, Cynthia Batiste, was awarded $3,250.00 in attorney's fees.[5]

---

[1] Tr. 14-23.

[2] Rec. Doc. 1.

[3] Rec. Doc. 23.

[4] Rec. Doc. 24.

[5] Rec. Doc. 27.

On May 30, 2008, Brown filed the instant motion, seeking attorney's fees under § 406(b). Brown alleges that she entered into a contingency fee agreement with her counsel, Cynthia T. Batiste, pursuant to which she agreed to pay her attorney 25% of all past due benefits awarded to her, i.e., $10,580.00.

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25% of the total of the past-due benefits recovered. 42 U.S.C. §§406(a), (b)(1). Section 406(b) does not provide a specific time period for filing the request for attorney's fees, however, the Fifth Circuit has ruled that the time limit for attorney's fees application sunder § 406(b) is governed by Federal Rule of Civil Procedure Rule 54(d), i.e., the motion must be filed no later than 14 days after entry of judgment. Pierce v. Barnhart, 440 F.3d 657 (5th Cir. 2006). Prior to issuing a ruling on a motion for 406(b) fees, however, the court is required to review the Notice of Award issued by the Commissioner, wherein the past-due benefits are calculated as well as the 25% of past-due benefits to be withheld for any attorney's fees sought. Courts have held, therefore, that "[u]nder the Rule 54(d) approach, the 14-day clock would be tolled until the Commissioner issues the NOA. Garland v. Astrue, 492 F.Supp.2d 216, 220 (E.D.N.Y.2007).

Here, the NOA was issued on January 19, 2008.[6] Further, on April 3, 2008, the SSA sent a letter to Brown's counsel inquiring about whether she had petitioned this court for § 406(b)

---

[6] Rec. Doc. 28, Exhibit A.

fees because the fees were being withheld from Brown and could not be released to Brown until the issue of whether counsel was going to seek fees was clarified.[7]

Brown did not file the instant motion until May 30, 2008, almost five months after the NOA was issued and two months after the latest inquiry from SSA. The motion is clearly untimely, and counsel offers no explanation for the delay. Accordingly,

IT IS HEREBY ORDERED that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) **DENIED AS UNTIMELY**.

Signed at Lafayette, Louisiana, on July 10, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[7] Rec. Doc. 28, Exhibit C.